# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Colon,<br><br>            Plaintiff,<br><br>v.<br><br>QBE North America, et al.,<br><br>            Defendants. | No. CV-16-01900-PHX-ROS<br><br>**ORDER** |

Plaintiff submitted a supplement outlining two changes based on the Court's prior Order. (Doc. 91, 94). First, the parties have agreed to a revised form of release that is much narrower than what they originally proposed. And second, Plaintiff's counsel has reduced the amount of attorneys' fees they seek from $430,000 to $322,500. Those changes are appropriate and the Court is now satisfied the settlement is appropriate.

Having reviewed the parties' submissions, the Court makes the following findings:

1. The collective action certification requirements of 29 U.S.C. § 216(b) are satisfied with respect to the Action (as defined in the Parties' Settlement Agreement and Release ("Settlement Agreement")). The Court therefore certifies the Collective for settlement purposes only.

2. The dissemination of the Collective Action Notice, as provided for in the Settlement Agreement, constitutes the best practicable notice under the circumstances to all putative Collective Action Members and fully meets the

requirements of 29 U.S.C. § 216(b), any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

3. The Court finds the Settlement is fair, reasonable, and adequate.

Accordingly,

**IT IS ORDERED** the Motion for Approval of Collection Action Settlement (Doc. 90) is **GRANTED**.

**IT IS FURTHER ORDERED**:

A. That all defined terms contained herein shall have the same meanings as set forth in the Parties' Settlement Agreement;

B. The Court approves of the Settlement as fair, reasonable, and adequate to the Plaintiff and to each Claimant, and in their best interests, and in full compliance with all requirements of due process and federal law. The Settlement is approved in all respects and its terms and provisions shall be consummated. Dahl Administration, LLC, shall administer notice to putative Collective Action Settlement members;

C. As to Plaintiff and each Claimant, the Court hereby **DISMISSES** the Action, all claims contained therein, and bars and permanently enjoins all Claimants from prosecuting any released claims against Defendants;

D. The Court finds that the Plaintiff and Collective Action Counsel adequately represented the members of the putative collective action for the purposes of entering into and implementing the Settlement;

E. The Court approves the settlement payments to be made to each Claimant;

F. The Court approves the payment of attorneys' fees to Collective Action Counsel in the amount of $322,500.00 and an additional amount for costs not to exceed $25,000.00 (the "Attorneys' Fees and Litigation Costs"). The Attorneys' Fees and Litigation Costs award shall be distributed to Collective Action Counsel in accordance with the terms of the Settlement Agreement;

G. The Court approves the Incentive Award to the Plaintiff as compensation for his time in the amount of $8,500.00, distributed in accordance with Settlement Agreement;

H. Except as otherwise provided in the Settlement Agreement or herein, the settling Parties are to bear their own attorneys' fees and costs; and

I. The Court retains jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement.

Dated this 29th day of March, 2018.

_____
Honorable Roslyn O. Silver
Senior United States District Judge